IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GORDON FREDERICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-238 |
| | § | |
| ADVANCED FINANCIAL SOLUTIONS, | § | |
| INC. and METAVANTE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

Pending before the court is the Defendants' "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Brief in Support" (docket entry #11). After considering the Defendants' motion, the Plaintiff's response (docket entry #14), the Defendants' reply (docket entry #17) and the Plaintiff's sur-reply thereto (docket entry #18), the court is of the opinion that the Defendants' motion should be granted and this case should be transferred. Therefore, the court hereby ORDERS that this case be transferred to the Western District of Oklahoma.

**I. BACKGROUND**

On May 9, 2006, the Plaintiff filed his original petition in the 366th Judicial District Court of Collin County, Texas. In his petition, the Plaintiff alleged that he entered into a written contract of employment with his prior employer, Defendant Advanced Financial Solutions, Inc. ("AFS"), in May 2002. The employment contract provided that ". . . upon your termination, unless due to your resignation or your termination for cause you will be paid 6 (six) months severance. This will be

calculated on the previous 6 months total compensation or $157,000.00 whichever is greater."[1]  Pl. Orig. Pet., p. 3, ¶ 14.  In July 2004, Defendant Metavante Corporation acquired Defendant AFS.  *Id*. at ¶ 15.  Defendant Metavante Corporation is the parent company of Defendant AFS.  Defs. Mtn. to Transfer Venue, Decl. of Gary Nelson, p. 1, ¶ 2.[2]  In February 2006, Defendant AFS terminated the Plaintiff's employment.  Pl. Orig. Pet., p. 3, ¶ 16.  The Plaintiff alleges that he was not terminated for cause; therefore, the Plaintiff contends that he is entitled to receive his severance.  The Defendants, however, have failed to pay the Plaintiff his severance.  Accordingly, the Plaintiff sued the Defendants for breach of contract.

On June 13, 2006, the Defendants removed this lawsuit to this court based on diversity of citizenship.  On September 14, 2006, the Defendants filed the instant motion to transfer venue pursuant to 28 U.S.C. § 1404(a), seeking a transfer of the Plaintiff's lawsuit to the Western District of Oklahoma.  Thereafter, on September 15, 2006, the Plaintiff filed his first amended complaint. In his first amended complaint, the Plaintiff not only alleged a breach of contract cause of action but also an Age Discrimination in Employment Act ("ADEA") cause of action.  According to the Plaintiff's first amended complaint, management for Defendant AFS made age-related comments at staff meetings.  Pl. First Amd. Compl., p. 4, ¶ 23.  Further, the Plaintiff alleges that Defendant AFS's management decided not to retain older employees within the Plaintiff's division.  *Id*. at ¶ 24. Ultimately, the Plaintiff contends that he was terminated because of his age.  *Id*. at p. 5, ¶ 28.

---

[1] The court was not provided with a copy of the written contract of employment.

[2] Defendant AFS is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma City, Oklahoma.  Defs. Notice of Removal, p. 2, ¶ 5. Defendant Metavante Corporation is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Brown Deer, Wisconsin.  *Id*.

## II. DISCUSSION

### A. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a) (2000). For a section 1404(a) transfer to be proper, two initial conditions must be met. First, venue must be proper in the transferor court. *Houston Trial Reports*, *Inc. v. LRP Publ'ns*, *Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999). Second, the transferee court must be a "district or division where [the case to be transferred] might have been brought." *Id*. Venue must be proper in the transferee court and the transferee court must have personal jurisdiction over the defendant. *Id*.

"A motion to transfer under § 1404(a) [] calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org.*, *Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The court should balance two categories of interest in determining whether to transfer venue: (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 676 (E.D. Tex. 2001). The convenience factors are as follows:

(1)   The plaintiff's choice of forum;

(2)   The convenience of the parties and witnesses;

(3)   The place of the alleged wrong;

(4)   The cost of obtaining the attendance of witnesses;

(5)   The accessibility and location of sources of proof; and

(6)   The possibility of delay and prejudice if transfer is granted.

*Id*. at 676-77.

The public interest factors are as follows:

(1)     The administrative difficulties caused by court congestion;

(2)     The local interest in adjudicating local disputes;

(3)     The unfairness of burdening citizens in an unrelated forum with jury duty; and

(4)     The avoidance of unnecessary problems in conflict of laws.

*Id*. at 677.

The party who files a motion to change venue under section 1404(a) bears the burden of proving why venue should be changed. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "To prevail, the litigant must demonstrate that the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000) (citation omitted). "The court should not transfer venue where the result will be merely to shift the expense and inconvenience from one party to the other." *Enserch Int'l Exploration, Inc. v. Attock Oil Co., Ltd.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (citation omitted). The district court's decision to grant or deny a motion to transfer under section 1404(a) will be reversed only for an abuse of discretion. *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003).

### B. ANALYSIS

#### 1. The Propriety of the Defendants' Motion to Transfer

The first issue is whether the Defendants' motion to transfer satisfies both conditions for transfer under section 1404(a). The first condition is that venue must be proper in the transferor court. The second condition is that the transferee court must be a "district or division where [the

case to be transferred] might have been brought." § 1404(a). Here, the parties do not dispute that venue is proper in this court. Further, the parties do not dispute that this action could have been brought in the Western District of Oklahoma. Accordingly, the court shall now turn to whether the convenience and public interest factors substantially weigh in favor of transfer.

### 2. The Merits of the Defendants' Motion to Transfer

#### a. Plaintiff's Choice of Forum

Courts in this circuit have traditionally considered the plaintiff's choice of forum a strong factor that weighs against transfer.[3] Recently, however, the Fifth Circuit concluded that district courts should deem the plaintiff's choice of forum less important. In *In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003), the Fifth Circuit concluded that "the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *Id*. at 434 (citation omitted); *see also Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970) ("[The plaintiff's choice of forum] is not controlling. *Ultimately the trial judge must use his discretion*." (emphasis added) (footnote omitted)). The plaintiff's forum choice is given less weight when the plaintiff brings suit outside of its home district. *The Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, *2 (N.D. Tex. 2003).

Here, the Plaintiff argues that he chose to litigate this case in the Eastern District of Texas because he resides in Collin County, Texas which is situated within the Eastern District of Texas.

---

[3] *See, e.g.*, *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999) (Report and Recommendation of Hines, J.) ("[T]here is a strong presumption favoring plaintiff's choice of forum."); *TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 411 (E.D. Tex. 1998) (Steger, J.) ("[T]he plaintiff's choice of forum is considered a strong factor." (citation omitted)). *But cf. Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998) (Schell, J.) ("[T]he deference given to a plaintiff's choice of forum is greater in a *forum non conveniens* transfer than it is in a § 1404(a) transfer." (citation omitted)).

Additionally, the Plaintiff argues that he worked for the Defendants from his home in Collin County, Texas. Conversely, the Defendants urge this court to afford minimal deference to the Plaintiff's choice of forum because the Defendants contend that the contract at issue was negotiated in Oklahoma, the decision not to pay the Plaintiff any severance was made in Oklahoma and the Plaintiff was terminated in Oklahoma.

The court concludes that the Plaintiff's desire to litigate this case in this court counsels in favor of denying the Defendants' motion to transfer. The Plaintiff's decision to defend venue in this district is a factor that "is entitled to some deference." *Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996). Because this factor is not controlling, however, the court must weigh this factor against the other factors in deciding whether to transfer this case. *See Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) ("Today, the [plaintiff's] choice of forum is only one of many factors for a court to consider." (citation omitted)).

### b. Convenience of the Parties and Witnesses and Cost of Obtaining the Attendance of Witnesses

"Typically, the most important of the above factors is whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer." *Mohamed*, 90 F. Supp. 2d at 774 (citations omitted). "The location of nonparty fact witnesses is the primary consideration in assessing this factor." *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 669. Moreover, "[t]he availability and convenience of party-witnesses is generally insignificant because a transfer based on this factor would only shift the inconvenience from movant to nonmovant." *Quicksilver, Inc. v. Academy Corp.*, 1998 WL 874929, *2 (N.D. Tex. Dec. 3, 1998).

The movant must "specifically identify key [nonparty] witnesses and outline the substance

of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quotation, citations and footnote omitted). General allegations of inconvenience are insufficient. *Id*. In considering this factor, district courts must ensure that a motion for transfer does not become "a battle of numbers." *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1402 (E.D. Tex. 1986). District courts should not transfer a case merely because a few witnesses would otherwise be inconvenienced. *Mohamed*, 90 F. Supp. 2d at 775. The court must instead consider the content of the witnesses' testimony in determining whether this factor weighs in favor of transfer. *Kettler v. Presstek, Inc.*, 2003 WL 21788870, *3 n.6 (N.D. Tex. July 31, 2003). When nearly all of the nonparty witnesses that will testify concerning disputed issues reside elsewhere, this factor weighs in favor of transferring the case. *See id*. at *2-*3.

Here, the Defendants enumerate four witnesses. However, three of the four witnesses are employees of Defendant AFS, all of whom work in Oklahoma. The Defendants' remaining witness, Thomas Dean, a former executive vice-president of AFS, currently works and resides in Oklahoma. According to Mr. Dean's affidavit, the Plaintiff approached him about working for AFS. Defs. Mtn. to Transfer Venue, Decl. of Thomas Dean, p. 2, ¶ 8. Additionally, Mr. Dean supervised the Plaintiff for approximately one year. *Id*. at p. 1, ¶ 3.

The Plaintiff counters that the Defendants will not be inconvenienced if the lawsuit remains in the Eastern District of Texas. On the contrary, the Plaintiff argues that he will suffer a financial strain and inconvenience if the case is transferred to Oklahoma. Pl. Resp., Exh. A, Decl. of Gordon Frederick, p. 2, ¶ 7. Although the Defendants contend that the Plaintiff traveled to Oklahoma several times per month during his employment with AFS, the Plaintiff notes that such travel was at the Defendants' expense. On balance, the court concludes that the convenience of the parties and witnesses and the relative cost of obtaining the presence of the witnesses does not weigh in favor of

transfer.

### c. Place of the Alleged Wrong

"Where, as here, the action involves breach of contract, federal courts should consider, 'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" *James L. Flanagan Shipping Corp. v. Mediterranean Shipping Co. S.A.*, 2007 WL 2461817, *2 (E.D. Tex. 2007) (Clark, J.) (citations omitted). From the evidence presented, it appears that the contract was negotiated in both Texas and Oklahoma. The Plaintiff's performance of the contract occurred both in Texas and Oklahoma. However, any decision by the Defendants not to pay the Plaintiff his severance (the alleged breach) occurred in Oklahoma.

Under the ADEA, the court should look to where the injury occurred. *Quinn v. Bowmar Publishing Co.*, 445 F.Supp. 780, 783 (D. Md. 1978). In suits alleging age discrimination in employment, the injury typically occurs in the district where the plaintiff was discharged. *Id*. Here, the Plaintiff was terminated in Oklahoma City, Oklahoma. Defs. Mtn. to Transfer Venue, Decl. of Gary Nelson, p. 3, ¶ 18.[4] As such, an essential element of the Plaintiff's ADEA cause of action (the loss of the Plaintiff's employment) occurred in Oklahoma City, Oklahoma.[5] *See Quinn*, 445 F.Supp. at 783. The court finds that this factor weighs in favor of transfer.

### d. Accessibility and Location of Sources of Proof

"Although the accessibility and location of sources of proof remain considerations in the

---

[4] Further, staff meetings, where any alleged age-related discriminatory remarks were made, took place in Oklahoma City, Oklahoma. Defs. Mtn. to Transfer Venue, Decl. of Gary Nelson, p. 3, ¶ 16.

[5] Although the Plaintiff felt the effects of his discharge in Collin County, Texas, the court notes that the Plaintiff was actually discharged while he was in Oklahoma.

Court's transfer analysis, they are of only slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information . . ." *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, *6 (E.D. Tex. 2004).  Here, Defendant AFS's principal place of business is in Oklahoma; accordingly, documents and other evidence which will likely be presented in this case are located in Oklahoma.  However, since the Defendants' sources of proof could be easily transported to Texas, the court finds this factor to be neutral.

### e.  Location of Counsel

The Fifth Circuit recently held that a district court committed reversible error by considering this factor.  *In re Horseshoe Entm't*, 337 F.3d at 434 ("The factor of 'location of counsel' is irrelevant . . . ."); *In re Volkswagon AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("[R]eliance on the location of counsel as a factor to be considered in determining the propriety of a motion to transfer venue was an abuse of discretion.").  Accordingly, this factor is irrelevant.

### f.  Possibility of Delay and Prejudice if Transfer is Granted and Administrative Difficulties Caused by Court Congestion

As of September 30, 2006, there were 3,079 cases pending in the Eastern District of Texas. *U.S. District Court – Judicial Caseload Profile for the 12-Month Period Ending September 30, 2006*, www.uscourts.gov.  By contrast, there were 1,260 cases pending in the Western District of Oklahoma.  *Id*.  The weighted filings in the Eastern District of Texas were 550 per judge as opposed to 331 per judge in the Western District of Oklahoma.  *Id*.  Additionally, the median time interval from filing to disposition of civil cases in the Eastern District of Texas was 9.0 months.  *Id*.  The median time interval from filing to trial in the Eastern District of Texas was 17.7 months.  *Id*.  The median time interval in the Western District of Oklahoma from filing to disposition of civil cases,

however, was 9.1 months. *Id*. The median time interval from filing to trial in the Western District of Oklahoma was 16.4 months. *Id*.

Therefore, it appears that this case should progress just as expeditiously in the Western District of Oklahoma. Further, this case is still in its infancy. Although the court has issued a scheduling order, discovery has apparently not yet occurred. Accordingly, transferring this case to the Western District of Oklahoma will not cause any delay or prejudice in the timely disposition of this case. This factor is neutral.

### g. Local Interest in Adjudicating Local Disputes and Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The citizens in the District where the alleged wrong took place have a strong interest in correcting that alleged wrong. *Reed*, 995 F. Supp. at 716; *Lindloff*, 950 F. Supp. at 186. "The Supreme Court has determined that '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" *In re Volkswagon AG*, 371 F.3d at 206, citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Here, the Plaintiff's breach of contract and ADEA causes of action stem from his employment with AFS, a company which has its principal place of business in Oklahoma. As noted above, a substantial portion of any breach of contract or ADEA violations occurred in Oklahoma. Therefore, it appears to the court that this District has scant local interest in the adjudication of the Plaintiff's claims. Accordingly, the citizens of the Eastern District of Texas should not be burdened with jury duty regarding the same. As such, the court finds that these factors weigh in favor of transfer.

### h. Avoidance of Unnecessary Problems in Conflict of Laws

The Defendants argue that the Plaintiff's breach of contract claim is subject to the laws of

the State of Oklahoma. Apparently, AFS provided the Plaintiff with an offer letter which stated that employment concerns should be construed pursuant to the laws of the State of Oklahoma. Since the court was not provided with a copy of the offer letter, the court will afford no weight to the Defendants' argument. However, even if Oklahoma law applies to the Plaintiff's breach of contract cause of action, federal law applies to the Plaintiff's ADEA cause of action. Accordingly, the court finds that this factor is neutral.

### III.  CONCLUSION

Having balanced the relevant factors, including the place of the alleged wrong and the local interest in adjudicating local disputes, the court concludes that the balance of convenience and justice substantially weighs in favor of transfer. Accordingly, the Defendants' "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)" (docket entry #11) is **GRANTED**. Therefore, the court hereby **ORDERS** that this case be **TRANSFERRED** to the Western District of Oklahoma. Additionally, the Defendants' "Motion and Memorandum to Stay Discovery Pending a Decision on Their Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)" (docket entry #20) and the Plaintiff's "Motion to Compel and Brief in Support" (docket entry #25) are **DENIED AS MOOT**. If necessary, the Plaintiff may re-urge his motion to compel with the transferee court.

IT IS SO ORDERED.

**SIGNED this the 25th day of September, 2007.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE